THE HONORABLE JUDGE DAVID W. CHRISTEL

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF WASHINGTON AT TACOMA

| | |
|---|---|
| NAUTILUS, INC., <br><br> Plaintiff, <br><br> vs. <br><br> ICON HEALTH & FITNESS, INC., <br><br> Defendant. | Case No.: 3:16-CV-05393-DWC <br><br> ICON HEALTH & FITNESS, INC.'S ANSWER TO NAUTILUS, INC.'S COMPLAINT; AND COUNTERCLAIMS <br><br> **JURY TRIAL DEMANDED** |
| ICON HEALTH & FITNESS, INC., <br><br> Counterclaimant, <br><br> vs. <br><br> NAUTILUS, INC., <br><br> Counterdefendant. | |

Defendant and counterclaimant ICON Health & Fitness, Inc. ("ICON"), by and through its undersigned counsel, hereby answers the "Complaint For Patent Infringement" dated May 23,

ANSWER AND COUNTERCLAIMS (C16-05393 DWC)   MASCHOFF BRENNAN LAYCOCK
                                            GILMORE ISRAELSEN & WRIGHT PLLC
                                            201 SO. MAIN STREET, STE. 600
                                            SALT LAKE CITY, UT 84119
                                            (435) 252-1360

1

2016 (ECF. No. 1; the "Complaint") filed on behalf of plaintiff and counterdefendant Nautilus, Inc. ("Nautilus") in the above-captioned action (the "Action"), as follows:

1. ICON denies that John Arthur or James A. Duncan invented a new kind of exercise machine. ICON is presently without information sufficient to definitively confirm the truth of the remaining allegations of paragraph 1 of the Complaint, and on that basis denies them.

2. ICON denies the allegations of paragraph 2 of the Complaint.

3. ICON admits that it makes certain statements on its website located at nordictrack.com and that those statements speak for themselves. Except as expressly admitted herein, ICON denies the remaining allegations of paragraph 3 of the Complaint.

## NATURE OF THE ACTION[1]

4. ICON admits that the Action arises under the patent laws of the United States, as set forth in Title 35 of the United States Code.

## PARTIES

5. ICON is presently without information sufficient to definitively confirm the truth of the allegations of paragraph 5 of the Complaint, and on that basis denies them.

6. ICON admits that it is a privately held corporation with a place of business in Logan, Utah.

## JURISDICTION AND VENUE

7. ICON admits that this Court has subject matter jurisdiction with respect to Nautilus' claims, pursuant to 28 U.S.C. §1338(a).

---

[1] For ease of reference, ICON includes in its answer the same headings that are used by Nautilus in its Complaint, but by doing so ICON does not admit either (a) that any of the information conveyed by the headings is necessarily accurate or (b) any liability or wrongdoing by ICON.

ANSWER AND COUNTERCLAIMS (C16-05393 DWC)　　　MASCHOFF BRENNAN LAYCOCK
　　　　　　　　　　　　　　　　　　　　　　　　　　GILMORE ISRAELSEN & WRIGHT PLLC
　　　　　　　　　　　　　　　　　　　　　　　　　　201 SO. MAIN STREET, STE. 600
　　　　　　　　　　　　　　　　　　　　　　　　　　SALT LAKE CITY, UT 84119
　　　　　　　　　　　　　　　　　　　　　　　　　　(435) 252-1360

8. ICON admits that this Court has personal jurisdiction over ICON.  Except as expressly admitted herein, ICON denies the remaining allegations of paragraph 8 of the Complaint.

9. ICON denies the allegations of paragraph 9 of the Complaint.

10. ICON admits that it has offered to sell FreeStride Trainer machines with an "auto-adjustable stride," but denies that such feature infringes the asserted patents and further denies that Nautilus' characterization of that feature is accurate.  Except as expressly admitted herein, ICON denies each and every one of the remaining allegations of paragraph 10 of the Complaint.

11. ICON admits that it owns the website located at nordictrack.com.  Except as expressly admitted herein, ICON denies the remaining allegations of paragraph 11 of the Complaint.

12. ICON admits the allegations of paragraph 12 of the Complaint.

13. ICON admits that users have reviewed its FreeStride Trainers online.  ICON is presently without information sufficient to definitively confirm the truth of the remaining allegations of paragraph 13 of the Complaint, and on that basis denies them.

14. ICON denies the allegations of paragraph 14 of the Complaint.

15. ICON admits that venue is proper in this Judicial District pursuant to 28 U.S.C. § 1400(b).

### THE VARIABLE STRIDE PATENTS

16. ICON is presently without information sufficient to definitively confirm the truth of the allegations of paragraph 16 of the Complaint, and on that basis denies them.

17. ICON is presently without information sufficient to definitively confirm the truth of the allegations of paragraph 17 of the Complaint, and on that basis denies them.

18. ICON is presently without information sufficient to definitively confirm the truth of the allegations of paragraph 18 of the Complaint, and on that basis denies them.

ANSWER AND COUNTERCLAIMS (C16-05393 DWC)

MASCHOFF BRENNAN LAYCOCK
GILMORE ISRAELSEN & WRIGHT PLLC
201 SO. MAIN STREET, STE. 600
SALT LAKE CITY, UT 84119
(435) 252-1360

3

19. ICON is presently without information sufficient to definitively confirm the truth of the allegations of paragraph 19 of the Complaint, and on that basis denies them.

20. ICON is presently without information sufficient to definitively confirm the truth of the allegations of paragraph 20 of the Complaint, and on that basis denies them.

21. ICON is presently without information sufficient to definitively confirm the truth of the allegations of paragraph 21 of the Complaint, and on that basis denies them.

22. ICON admits that the '019 patent was cited in the prosecution history of U.S. patent application no. 11/107,375.  Except as expressly admitted herein, ICON denies the remaining allegations of paragraph 22 of the Complaint.

## ICON'S ACTIONS

23. ICON incorporates by reference its responses to the proceeding paragraphs of the Complaint as though fully set forth herein.

24. ICON denies the allegations of paragraph 24 of the Complaint.

25. ICON denies the allegations of paragraph 25 of the Complaint.

26. ICON denies the allegations of paragraph 26 of the Complaint.

27. ICON denies the allegations of paragraph 27 of the Complaint.

28. ICON denies the allegations of paragraph 28 of the Complaint.

## COUNT ONE – INFRINGEMENT OF U.S. PATENT 6,689,019

29. ICON incorporates by reference its responses to the proceeding paragraphs of the Complaint as though fully set forth herein.

30. ICON denies the allegations of paragraph 30 of the Complaint.

31. ICON denies the allegations of paragraph 31 of the Complaint.
ANSWER AND COUNTERCLAIMS (C16-05393 DWC)

MASCHOFF BRENNAN LAYCOCK
GILMORE ISRAELSEN & WRIGHT PLLC
201 SO. MAIN STREET, STE. 600
SALT LAKE CITY, UT 84119
(435) 252-1360

**COUNT TWO – INFRINGEMENT OF U.S. PATENT 7,341,542**

32. ICON incorporates by reference its responses to the proceeding paragraphs of the Complaint as though fully set forth herein.

33. ICON denies the allegations of paragraph 33 of the Complaint.

34. ICON denies the allegations of paragraph 34 of the Complaint.

**COUNT THREE – INFRINGEMENT OF U.S. PATENT 7,632,219**

35. ICON incorporates by reference its responses to the proceeding paragraphs of the Complaint as though fully set forth herein.

36. ICON denies the allegations of paragraph 36 of the Complaint.

37. ICON denies the allegations of paragraph 37 of the Complaint.

**COUNT FOUR – INFRINGEMENT OF U.S. PATENT 8,323,155**

38. ICON incorporates by reference its responses to the proceeding paragraphs of the Complaint as though fully set forth herein.

39. ICON denies the allegations of paragraph 39 of the Complaint.

40. ICON denies the allegations of paragraph 40 of the Complaint.

**PRAYER FOR RELIEF**

ICON is not required to respond to the "Prayer for Relief" in the Complaint. Nonetheless, to the extent that the paragraphs of the Complaint under that heading may be deemed to allege any factual or legal entitlements to the relief requested, ICON denies each and every such allegation, and specifically denies that Nautilus is entitled to the requested, or any, relief. Further, ICON denies each and every allegation of the Complaint not specifically admitted herein.

**ADDITIONAL AND AFFIRMATIVE DEFENSES**

Without admitting or acknowledging what must be alleged by way of affirmative defenses or that ICON bears the burden of proof as to any of the defenses set forth herein, ICON

ANSWER AND COUNTERCLAIMS (C16-05393 DWC)   MASCHOFF BRENNAN LAYCOCK
                                          GILMORE ISRAELSEN & WRIGHT PLLC
                                          201 SO. MAIN STREET, STE. 600
                                          SALT LAKE CITY, UT 84119
                                          (435) 252-1360

5

alleges the following as additional or affirmative defenses to the Complaint, to the purported claims therein, and to the relief sought therein.

### *First Defense:  Failure to State a Claim*

The Complaint fails to state a claim against ICON upon which relief can be granted.

### *Second Defense:  Non-Infringement*

ICON has not infringed, either literally or under the doctrine of equivalents, or contributed to infringement by others, or actively induced others to infringe the '019 patent, the '542 patent, the '219 patent, or the '155 (collectively, the "Asserted Patents").

### *Third Defense:  Invalidity*

One or more claims of each of the Asserted Patents is invalid for failing to satisfy conditions for patentability including, but not limited to, 35 U.S.C. §§ 101, 102, 103, or 112.

### *Fourth Defense:  Failure to Mark*

Nautilus is precluded from recovering any damages arising from ICON's alleged infringement before the filing and service of the Complaint due to the failure of Nautilus to give proper notice pursuant to 35 U.S.C. § 287.

### *Fifth Defense:  Unclean Hands, Waiver, Laches, Estoppel*

Nautilus' claims are barred in whole or in part by one or more of the doctrines of unclean hands, waiver, laches, estoppel, or other equitable doctrines.

### *Sixth Defense:  Prosecution History Estoppel*

Nautilus' claims of patent infringement against ICON are barred in whole or in part by the doctrines of prosecution history estoppel or prosecution disclaimer, ensnarement, or claim vitiation.

### *Further Additional Defenses*

In addition to the defenses set forth above, ICON reserves the right to raise, assert, rely upon, or add any and new or additional defenses under Rule 8(c) of the Federal Rules of Civil

ANSWER AND COUNTERCLAIMS (C16-05393 DWC)       MASCHOFF BRENNAN LAYCOCK
                                                GILMORE ISRAELSEN & WRIGHT PLLC
                                                201 SO. MAIN STREET, STE. 600
                                                SALT LAKE CITY, UT 84119
                                                (435) 252-1360

6

1  Procedure, the laws of the United States, the laws of any other governing jurisdictions that may
2  exist or in the future be applicable based on discovery and further factual investigation in this
3  Action, and reserves the right to amend any and all defenses set forth above as discovery
4  proceeds.

## ICON'S COUNTERCLAIMS

Pursuant to Rule 13(a), ICON counterclaims against Nautilus as follows:

### *Jurisdiction and Parties*

1. ICON's counterclaims seek declaratory relief relating to the Asserted Patents that Nautilus claims to own. This Court has subject matter jurisdiction over ICON's counterclaims under 28 U.S.C. §§1331, 1338(a), 1367, 2201, and 2202.

2. This Court has personal jurisdiction over Nautilus in that Nautilus invoked and consented to the jurisdiction of this Court by filing this Action.

3. There exists an actual and justiciable controversy between ICON and Nautilus with regard to the validity, enforceability, and infringement of the Asserted Patents.

4. Venue is proper in this jurisdiction, with respect to ICON's Counterclaims, pursuant to 28 U.S.C. §§ 1391 and 1400.

5. ICON is a Delaware corporation having a principal place of business located at 1500 South 1000 West, Logan, Utah 84321.

6. Nautilus has pleaded in its Complaint that it is a Washington corporation headquartered in Vancouver, Washington.

7. Nautilus accuses ICON of infringing the Asserted Patents. ICON denies those allegations and alleges that the Asserted Patents are invalid.

### *First Claim for Relief: Declaration of Non-Infringement of the '019 Patent*

8. ICON hereby realleges and incorporates paragraphs 1–7 of the Counterclaims as if set forth in full herein.

ANSWER AND COUNTERCLAIMS (C16-05393 DWC)   MASCHOFF BRENNAN LAYCOCK
GILMORE ISRAELSEN & WRIGHT PLLC
201 SO. MAIN STREET, STE. 600
SALT LAKE CITY, UT 84119
(435) 252-1360

9. ICON has not infringed and does not infringe, either literally or under the doctrine of equivalents, any valid, enforceable, and asserted claim of the '019 patent.

10. ICON has not infringed and does not infringe, either contributorily, by inducement, or in any other manner, any valid, enforceable, and asserted claim of the '019 patent.

11. ICON is entitled to a declaration that it does not infringe the '019 patent in any manner whatsoever.

### *Second Claim for Relief: Declaration of Invalidity of the '019 Patent*

12. ICON hereby realleges and incorporates paragraphs 1–11 of the Counterclaims as if set forth in full herein.

13. Each of the asserted claims of the '019 patent is invalid for failure to comply with the requirements of patentability set forth in 35 U.S.C. §§ 101, 102, 103, or 112.

14. ICON is entitled to a declaration that the '019 patent claims, and the '019 patent itself, are invalid.

### *Third Claim for Relief: Declaration of Non-Infringement of the '542 Patent*

15. ICON hereby realleges and incorporates paragraphs 1–7 of the Counterclaims as if set forth in full herein.

16. ICON has not infringed and does not infringe, either literally or under the doctrine of equivalents, any valid, enforceable, and asserted claim of the '542 patent.

17. ICON has not infringed and does not infringe, either contributorily, by inducement, or in any other manner, any valid, enforceable, and asserted claim of the '542 patent.

18. ICON is entitled to a declaration that it does not infringe the '542 patent in any manner whatsoever.

ANSWER AND COUNTERCLAIMS (C16-05393 DWC)

MASCHOFF BRENNAN LAYCOCK
GILMORE ISRAELSEN & WRIGHT PLLC
201 SO. MAIN STREET, STE. 600
SALT LAKE CITY, UT 84119
(435) 252-1360

8

### *Fourth Claim for Relief: Declaration of Invalidity of the '542 Patent*

19. ICON hereby realleges and incorporates paragraphs 1–7 and 15–18 of the Counterclaims as if set forth in full herein.

20. Each of the asserted claims of the '542 patent is invalid for failure to comply with the requirements of patentability set forth in 35 U.S.C. §§ 101, 102, 103, or 112.

21. ICON is entitled to a declaration that the '542 patent claims, and the '542 patent itself, are invalid.

### *Fifth Claim for Relief: Declaration of Non-Infringement of the '219 Patent*

22. ICON hereby realleges and incorporates paragraphs 1–7 of the Counterclaims as if set forth in full herein.

23. ICON has not infringed and does not infringe, either literally or under the doctrine of equivalents, any valid, enforceable, and asserted claim of the '219 patent.

24. ICON has not infringed and does not infringe, either contributorily, by inducement, or in any other manner, any valid, enforceable, and asserted claim of the '219 patent.

25. ICON is entitled to a declaration that it does not infringe the '219 patent in any manner whatsoever.

### *Sixth Claim for Relief: Declaration of Invalidity of the '219 Patent*

26. ICON hereby realleges and incorporates paragraphs 1–7 and 22–25 of the Counterclaims as if set forth in full herein.

27. Each of the asserted claims of the '219 patent is invalid for failure to comply with the requirements of patentability set forth in 35 U.S.C. §§ 101, 102, 103, or 112.

28. ICON is entitled to a declaration that the '219 patent claims, and the '219 patent itself, are invalid.

### *Seventh Claim for Relief: Declaration of Non-Infringement of the '155 Patent*

ANSWER AND COUNTERCLAIMS (C16-05393 DWC)          MASCHOFF BRENNAN LAYCOCK
                                                 GILMORE ISRAELSEN & WRIGHT PLLC
                                                 201 SO. MAIN STREET, STE. 600
                                                 SALT LAKE CITY, UT 84119
                                                 (435) 252-1360

29. ICON hereby realleges and incorporates paragraphs 1–7 of the Counterclaims as if set forth in full herein.

30. ICON has not infringed and does not infringe, either literally or under the doctrine of equivalents, any valid, enforceable, and asserted claim of the '155 patent.

31. ICON has not infringed and does not infringe, either contributorily, by inducement, or in any other manner, any valid, enforceable, and asserted claim of the '155 patent.

32. ICON is entitled to a declaration that it does not infringe the '155 patent in any manner whatsoever.

### *Eighth Claim for Relief: Declaration of Invalidity of the '155 Patent*

33. ICON hereby realleges and incorporates paragraphs 1–7 and 29–32 of the Counterclaims as if set forth in full herein.

34. Each of the asserted claims of the '155 patent is invalid for failure to comply with the requirements of patentability set forth in 35 U.S.C. §§ 101, 102, 103, or 112.

35. ICON is entitled to a declaration that the '155 patent claims, and the '155 patent itself, are invalid.

### PRAYER FOR RELIEF

WHEREFORE, ICON respectfully prays that the Court enter a declaratory judgment in its favor and against Nautilus as follows:

A. That Nautilus take nothing by the Complaint, and for a judgment against Nautilus, and in favor of ICON, on all of Nautilus' claims.

B. That the Court award to ICON its costs of suit and attorneys' fees as permitted by law.

C. For a judgment declaring that ICON has not infringed, and is not infringing, any valid, enforceable, and asserted claim of the '019 patent, whether by direct infringement or indirect infringement.

ANSWER AND COUNTERCLAIMS (C16-05393 DWC)   MASCHOFF BRENNAN LAYCOCK GILMORE ISRAELSEN & WRIGHT PLLC
201 SO. MAIN STREET, STE. 600
SALT LAKE CITY, UT 84119
(435) 252-1360

10

1  D.  For a judgment declaring that ICON has not willfully infringed any valid, enforceable, and asserted claim of the '019 patent.

3  E.  For a judgment declaring that all of the claims of the '019 patent are invalid.

4  F.  For a judgment declaring that ICON has not infringed, and is not infringing, any valid, enforceable, and asserted claim of the '542 patent, whether by direct infringement or indirect infringement.

7  G.  For a judgment declaring that ICON has not willfully infringed any valid, enforceable, and asserted claim of the '542 patent.

9  H.  For a judgment declaring that all of the claims of the '542 patent are invalid.

10  I.  For a judgment declaring that ICON has not infringed, and is not infringing, any valid, enforceable, and asserted claim of the '529 patent, whether by direct infringement or indirect infringement.

13  J.  For a judgment declaring that ICON has not willfully infringed any valid, enforceable, and asserted claim of the '529 patent.

15  K.  For a judgment declaring that all of the claims of the '529 patent are invalid.

16  L.  For a judgment declaring that ICON has not infringed, and is not infringing, any valid, enforceable, and asserted claim of the '219 patent, whether by direct infringement or indirect infringement.

19  M.  For a judgment declaring that ICON has not willfully infringed any valid, enforceable, and asserted claim of the '219 patent.

21  N.  For a judgment declaring that all of the claims of the '219 patent are invalid.

22  O.  For a judgment declaring that ICON has not infringed, and is not infringing, any valid, enforceable, and asserted claim of the '155 patent, whether by direct infringement or indirect infringement.

ANSWER AND COUNTERCLAIMS (C16-05393 DWC)

MASCHOFF BRENNAN LAYCOCK
GILMORE ISRAELSEN & WRIGHT PLLC
201 SO. MAIN STREET, STE. 600
SALT LAKE CITY, UT 84119
(435) 252-1360

11

P.  For a judgment declaring that ICON has not willfully infringed any valid, enforceable, and asserted claim of the '155 patent.

Q.  For a judgment declaring that all of the claims of the '155 patent are invalid.

R.  For such other and further relief that this Court deems just and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38, ICON demands TRIAL BY JURY of all issues so triable, whether presented by Nautilus' claims against ICON, ICON's counterclaims against Nautilus, or otherwise.

DATED this 13th day of July, 2016.

Larry R. Laycock
David R. Wright
Tyson K. Hottinger

By: _____
Attorneys for defendant and counterclaimant
ICON Health & Fitness, Inc.
MASCHOFF BRENNAN LAYCOCK
  GILMORE ISRAELSEN & WRIGHT PLLC
201 S. Main Street, Ste. 600
Salt Lake City, Utah 84119
(435) 252-1360
*Pro Hac Vice* Applications Pending

By: __//ss//Steve Gibbons_____
Steven V. Gibbons, WSBA # 14028
GIBBONS & ASSOCIATES, P.S.
601 Union Street, Suite 2600
Seattle, WA 98101-4000
206/381-3340 (phone) 206/381-3341 (fax)

Attorneys for Defendant, as local counsel

ANSWER AND COUNTERCLAIMS (C16-05393 DWC)

MASCHOFF BRENNAN LAYCOCK
GILMORE ISRAELSEN & WRIGHT PLLC
201 SO. MAIN STREET, STE. 600
SALT LAKE CITY, UT 84119
(435) 252-1360

12